# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RON ABRAMS, | ) |
| Plaintiff | ) |
| v. | ) **Case No.:** |
| NORTHSTAR LOCATION SERVICES LLC, | ) **COMPLAINT AND DEMAND FOR** ) **JURY TRIAL** |
| Defendant | ) **(Unlawful Debt Collection Practices)** |

RON ABRAMS ("Plaintiff"), by and through his attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against NORTHSTAR LOCATION SERVICES, LLC ("Defendant"):

## INTRODUCTION

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA").

## JURISDICTION AND VENUE

2. Jurisdiction of this court arises pursuant to 15 U.S.C. §1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28

1

U.S.C. §1331 grants this court original jurisdiction of all civil actions arising under the laws of the United States.

3.      Defendant conducts business in the Commonwealth of Pennsylvania, and as such, personal jurisdiction is established.

4.      Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

## PARTIES

5.      Plaintiff is a natural person and adult individual residing in Willow Grove, Pennsylvania 19090.

6.      Plaintiff is a person granted a cause of action under the FDCPA. See 15 U.S.C. § 1692k(a) and Weinrich v. Cole, 2000 U.S. Dist. LEXIS 18687 (E.D. Pa. Dec. 22, 2000).

7.      Defendant is a national debt collection company with its principal office located at 8940 Main Street, Clarence, New York 14031.

8.      Defendant collects, and attempts to collect, consumer debts incurred, or alleged to have been incurred, for personal, family or household purposes on behalf of creditors and debt buyers by using the U.S. mail, telephone and/or internet.

9.      Defendant is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6), and repeatedly contacted Plaintiff in an attempt to collect a debt.

PLAINTIFF'S COMPLAINT

10.    Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

11.    At all relevant times, Defendant contacted Plaintiff in its attempts to collect an alleged consumer debt.

12.    The alleged debt arose out of transactions which were for personal, family, or household purposes.

13.    The debt Defendant is seeking to collect is a consumer debt.

14.    Beginning in or before May 2014, and thereafter, Defendant placed repeated telephone calls to Plaintiff's home telephone number in its attempts to collect the debt of another person, specifically, a Regina Abrams.

15.    Plaintiff knew it was Defendant calling because he saw its number on his caller id, received numerous automated messages from Defendant for a "Regina Abrams," as well as has listened to its automated recordings.

16.    Defendant contacted Plaintiff, on average, once a day on his home telephone.

17.    On those occasions where he answered Defendant's calls, he received an automated recording and was not able to speak to a live person.

18.    In other instances, Plaintiff attempted to call Defendant and still

3

received an automated message.  Plaintiff was unable to speak to a live person.

19.    Finally, on one occasion, Plaintiff was able to speak with a live person and informed her Defendant was calling the wrong person and to stop calling his number.

20.    Defendant's employee claimed it would remove his number from its database.

21.    Plaintiff is unaware of whether Defendant updated its records to stop the collection calls to him, as around that same time, he had retained counsel in order to help him stop the calls, because prior to retaining counsel, he had been unable to get Defendant to stop its collection calls to him.

22.    Defendant's sole purpose for calling Plaintiff once a day was to annoy, abuse and harass him, as he was not the debtor.

23.    Upon information and belief, information was readily available to Defendant, and/or was available in the public domain, that the number it was calling belonged to Plaintiff and/or was associated with Plaintiff's home address

## COUNT I
## DEFENDANT VIOLATED § 1692d OF THE
## FAIR DEBT COLLECTION PRACTICES ACT

24.    Section 1692d of the FDCPA prohibits debt collectors from engaging in any conduct the natural consequence of which is to harass, oppress or abuse any person, in connection with the collection of a debt.

4

25.    Defendant violated § 1692d of the FDCPA when it called Plaintiff repeatedly and continuously in its attempts to collect another person's debt.

## COUNT II
## DEFENDANT VIOLATED § 1692d(5) OF THE
## FAIR DEBT COLLECTION PRACTICES ACT

26.    Section 1692d(5) of the FDCPA prohibits debt collectors from causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with the intent to annoy, abuse or harass any person at the called number.

27.    Defendant violated §1692d(5) of the FDCPA when it caused Plaintiff's telephone to ring, on average, once a day, with the intent to harass or annoy Plaintiff.

## COUNT III
## DEFENDANT VIOLATED § 169f OF THE
## FAIR DEBT COLLECTION PRACTICES ACT

28.    A debt collector violates § 1692f of the FDCPA by using unfair or unconscionable means to collect or attempt to collect any debt.

29.    Here, Defendant violated § 1692f of the FDCPA engaging in other unfair and unconscionable debt collection practices, including calling him with a computer and automated message which did not permit him a means to tell Defendant it was calling the wrong person or not allowing him to speak with a live person.

5

PLAINTIFF'S COMPLAINT

WHEREFORE, Plaintiff, RON ABRAMS, respectfully prays for a judgment as follows:

a.  All actual damages suffered pursuant to 15 U.S.C. § 1692k(a)(1);

b.  Statutory damages of $1,000.00 for the violation of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A);

c.  All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to 15 U.S.C. § 1693k(a)(3); and

d.  Any other relief deemed appropriate by this Honorable Court.

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, RON ABRAMS, demands a jury trial in this case.

RESPECTFULLY SUBMITTED,

DATED: August 20, 2014       KIMMEL & SILVERMAN, P.C.

By: _____
CRAIG THOR KIMMEL
Attorney ID #57100
Attorney for Plaintiff
Kimmel & Silverman, P.C.
30 East Butler Pike
Ambler, PA 19002
Phone: (215) 540-8888
Fax: (877) 617-2515
Email: kimmel@creditlaw.com

6

PLAINTIFF'S COMPLAINT